# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL SHAK, SHK ASSET MANAGEMENT, SHK DIVERSIFIED, LLC (and/or their successors in interest),<br><br>                              Plaintiffs,<br>          v.<br><br>JP MORGAN CHASE & CO.,<br>J.P. MORGAN CLEARING CORP.,<br>J.P. MORGAN SECURITIES LLC,<br>J.P. MORGAN FUTURES, INC. (now known as J.P. MORGAN SECURITIES LLC),<br><br>                              Defendants. | Case No. 15 Civ. 992 (PAE)<br><br>Hon. Paul A. Engelmayer |
| THOMAS WACKER,<br><br>                              Plaintiff,<br>          v.<br><br>JP MORGAN CHASE & CO.,<br>J.P. MORGAN CLEARING CORP.,<br>J.P. MORGAN SECURITIES LLC,<br>J.P. MORGAN FUTURES INC. (now known as J.P. MORGAN SECURITIES LLC),<br><br>                              Defendants. | Case No. 15 Civ. 994 (PAE)<br><br>Hon. Paul A. Engelmayer |
| MARK GRUMET,<br><br>                              Plaintiff,<br>          v.<br><br>JP MORGAN CHASE & CO.,<br>J.P. MORGAN CLEARING CORP.,<br>J.P. MORGAN SECURITIES LLC,<br>J.P. MORGAN FUTURES INC. (now known as J.P. MORGAN SECURITIES LLC),<br><br>                              Defendants. | Case No. 15 Civ. 995 (PAE)<br><br>Hon. Paul A. Engelmayer |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 26.3 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York (the "Local Rules"), and in accordance with the Definitions and Instructions set forth below, Defendants in the Actions hereby request that Plaintiffs produce the documents described herein for inspection and copying within thirty (30) days after service of these Requests at the offices of Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004.

## DEFINITIONS

The definitions and rules of construction set forth in Federal Rule 34 and Local Rule 26.3 are hereby incorporated and shall apply to Defendants' First Set of Requests for Production of Documents. These definitions shall apply throughout the Requests without regard to capitalization. As used in the document requests contained herein, the following terms are to be interpreted in accordance with the following definitions:

1. <u>Actions</u>. The above-captioned actions: *Shak, et al.* v. *JP Morgan Chase & Co., et al.*, No. 15-cv-992 (PAE) (S.D.N.Y.); *Wacker* v. *JP Morgan Chase & Co., et al.*, No. 15-cv-994 (PAE) (S.D.N.Y.); and *Grumet* v. *JP Morgan Chase & Co., et al.*, No. 15-cv-995 (PAE) (S.D.N.Y.).

2. <u>CME</u>. The Chicago Mercantile Exchange, and any of its parents, subsidiaries, affiliates, employees, agents, persons, and entities acting on its behalf or under its control, including but not limited to the Chicago Board of Trade, COMEX, and CME Globex.

3. <u>CME Globex</u>. The CME Globex electronic trading system used by CME for transactions in futures and options. The term CME or COMEX when used herein will be understood to include CME Globex.

4. <u>COMEX</u>. The Commodity Exchange, Inc. and any of its parents, subsidiaries, affiliates, employees, agents, and persons, and entities acting on its behalf or under its control. The term COMEX when used herein will be understood to include CME Globex.

5. <u>*Shak* Complaint</u>.  The Second Amended Complaint filed on January 28, 2016 in *Shak, et al.* v. *JP Morgan Chase & Co., et al.*, No. 15-cv-992 (PAE) (S.D.N.Y.).

6. <u>Complaints</u>.  Unless otherwise specified, the Second Amended Complaints filed on January 28, 2016 in the Actions.

7. <u>ESI</u>.  Electronically-stored information.

8. <u>Exchange</u>.  Has the definition provided in the Commodity Exchange Act, 7 U.S.C. § 1, *et seq.*

9. <u>LBMA</u>.  The London Bullion Market Association.

10. <u>OTC</u>.  Over-the-counter.

11. <u>Privileged Material</u>.  Communications, documents, information or items protected by the attorney-client privilege, the work-product doctrine, bank examination privilege or any other privilege or protection from disclosure recognized under applicable law.

12. <u>Settlement Committee</u>.  The COMEX settlement committee that determines the settlement prices for silver futures and options on futures traded on the COMEX Exchange.

13. <u>SIFO</u>.  The Silver Forward Mid-Rate benchmark published by the LBMA.

14. <u>SIFO Setting</u>.  The processes or procedures by which SIFO Panel Members computed, determined, and/or communicated SIFO Submissions.

15. <u>SIFO Submissions</u>.  Quotes submitted to the LBMA for the computation and publication of SIFO.

16.     <u>Silver Derivative</u>.  All derivative instruments that are indexed to the price of silver, including but not limited to: (a) Swaps, (b) Agreements for the purchase or sale of silver on a Forward Basis, including but not limited to Forward Rate Agreements, (c) Options, and (d) Silver futures and options on futures traded on any Exchange, including but not limited to silver futures calendar spreads.

## INSTRUCTIONS

1.      Unless otherwise indicated, these requests seek documents created during the period December 1, 2010 through March 31, 2011, or such other period agreed by the Parties or ordered by the Court to be the proper time period for discovery in these Actions.

2.      In construing the Requests:  (i) the word "including" shall be read to mean "including, but not limited to"; (ii) the present tense shall be construed to include the past tense and vice versa; and (iii) references to employees, officers, directors, or agents shall include both current and former employees, officers, directors, or agents.

3.      Production in response to these requests shall be in a format to be agreed by the Parties, consistent with any executed Stipulated Protective Order and ESI Protocol.

4.      Each document request is to be answered fully, unless it is in good faith objected to, in which event the reasons for all of Plaintiffs' objections shall be stated in detail. If an objection pertains to only a portion of a document request, Plaintiffs shall state their objection to that portion only and respond to the remainder of the document request.

5.      If, in responding to any of these document requests, Plaintiffs encounter any ambiguity in construing either the document request or a definition or instruction relevant to it, Plaintiffs shall set forth the matter deemed ambiguous and the construction used in responding to the request.

6. Any document bearing any marks that are not a part of the original text is a separate document from the original for the purposes of these Requests.

7. In producing documents, Plaintiffs are requested to identify the sources of the documents.

8. For each document no longer in existence, if any, state the type of document, the information contained therein, the date upon which the document ceased to exist, the circumstances under which the document ceased to exist, the location where the document was destroyed, the identity of all persons having knowledge of the circumstances under which the document ceased to exist, and the identity of all persons having knowledge or who had knowledge of the document's contents.

9. If Plaintiffs object to producing responsive documents because the documents are Privileged Material, Plaintiffs shall provide the information set forth in Local Rule 26.2.

10. When a document contains both Privileged and Non-privileged Material, the Non-privileged Material must be disclosed to the fullest extent possible without disclosing the Privileged Material. If a privilege is asserted with regard to part of the material contained in a document, Plaintiffs shall clearly indicate the portions as to which the privilege is claimed. When a document is redacted, Plaintiffs shall identify as to each such document the reason for the redaction in a written privilege log. Any redaction must be clearly indicated on the face of the redacted document.

11. The Requests are continuing in nature, requiring supplemental production of documents in accordance with Federal Rule 26(e) if Plaintiffs (or any person acting on Plaintiffs' behalf) identify additional documents responsive to these Requests at any time between the time

of the original response and the time set for trial.  Each supplemental response shall be served on Defendants no later than twenty-one (21) days after the discovery of additional material.

12. All document productions made in response to these Requests must include a cover letter and index providing a description of the types of documents or data produced, their contents, and the number of the Request(s) and subpart(s) to which such information is responsive.

13. Defendants reserve the right to make additional document requests.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 1:** Documents sufficient to identify all types of physical silver and Silver Derivatives in which Plaintiffs traded.

**REQUEST FOR PRODUCTION NO. 2:** Documents sufficient to show the identities of any individuals who assisted or advised Plaintiffs in connection with trading physical silver or Silver Derivatives.

**REQUEST FOR PRODUCTION NO. 3:** Documents sufficient to show the CME floor brokers and traders working on Plaintiffs' behalf in connection with the trading of Silver Derivatives.

**REQUEST FOR PRODUCTION NO. 4:** Documents sufficient to identify all futures commission merchants ("FCMs"), accounts, and Operator IDs ("Tag 50 IDs") associated with Plaintiffs' trading of Exchange-traded Silver Derivatives products.

**REQUEST FOR PRODUCTION NO. 5:** Documents sufficient to identify CME personnel with whom Plaintiffs, Plaintiffs' employees, or Plaintiffs' floor brokers communicated concerning Silver Derivatives.

**REQUEST FOR PRODUCTION NO. 6:** All documents concerning Plaintiffs Thomas Wacker, Daniel Shak, and Mark Grumet's professional experience trading physical silver or Silver Derivatives, including but not limited to CVs.

**REQUEST FOR PRODUCTION NO. 7:** All documents showing Plaintiffs' trades of physical silver or Silver Derivatives, whether proprietary or otherwise, including but not limited to trading blotters, trade tickets, confirmations, brokerage statements, and communications relating to those trades.

**REQUEST FOR PRODUCTION NO. 8:** All documents showing bids or asks communicated by Plaintiffs, directly or through a broker, for any Silver Derivative.

**REQUEST FOR PRODUCTION NO. 9:** All documents and communications concerning or referencing silver futures calendar spreads.

**REQUEST FOR PRODUCTION NO. 10:** All documents and communications concerning or referencing the close of futures trading or thereafter – approximately from 1:00 p.m. to 1:45 p.m. Eastern Time.

**REQUEST FOR PRODUCTION NO. 11:** All communications between Plaintiffs and COMEX or its agents, either directly or through a floor broker, concerning any transactions or proposed transactions in a Silver Derivative.

**REQUEST FOR PRODUCTION NO. 12:** All documents and communications concerning the COMEX settlement price for any Silver Derivative, including but not limited to any documents or communications involving any estimates, prognostications, beliefs, or arguments as to what the COMEX settlement price should be for any Silver Derivative.

**REQUEST FOR PRODUCTION NO. 13:** All documents and communications concerning or referencing backwardation in the COMEX futures market, and/or the OTC market, and/or SIFO.

**REQUEST FOR PRODUCTION NO. 14:** All documents and communications concerning any criticisms of, or allegations of misconduct or manipulation regarding, anyone's conduct with respect to physical silver or Silver Derivatives, including but not limited to conduct by Plaintiffs or Defendants.

**REQUEST FOR PRODUCTION NO. 15:** All documents and communications mentioning or concerning any Defendants in the Actions, or their agents, affiliates or employees.

**REQUEST FOR PRODUCTION NO. 16:** All documents and communications mentioning or concerning the liquidation of any of the Plaintiffs' Silver Derivative positions.

**REQUEST FOR PRODUCTION NO. 17:** All documents and communications concerning or referencing SIFO, SIFO Submissions, or SIFO Setting.

**REQUEST FOR PRODUCTION NO. 18:** All documents and communications concerning the relationship between SIFO Submissions, SIFO Setting, or silver futures calendar spreads and the pricing or value or marking of Plaintiffs' silver or Silver Derivatives positions.

**REQUEST FOR PRODUCTION NO. 19:** All documents and communications identifying and/or summarizing each of Plaintiffs' open positions and Plaintiffs' net open positions in physical silver, each Silver Derivative, and all Silver Derivatives for each day, week, and month, including the notional values thereof, during the period December 1, 2010 through May 31, 2011.

**REQUEST FOR PRODUCTION NO. 20:** All documents and communications identifying and/or summarizing Plaintiffs' exposure for each of Plaintiffs' open positions in

physical silver or a Silver Derivative and Plaintiffs' net exposures for Plaintiffs' net open positions in physical silver, each Silver Derivative, and all Silver Derivatives, including the notional values thereof, for each day, week, and month, during the period December 1, 2010 through May 31, 2011.

**REQUEST FOR PRODUCTION NO. 21:** All documents and communications identifying and/or summarizing each of Plaintiffs' open, calendar spread positions in physical silver or a Silver Derivative and Plaintiffs' net open, spread positions in physical silver, each Silver Derivative, and all Silver Derivatives, including the notional values thereof, for each day, week, and month, during the period December 1, 2010 through May 31, 2011.

**REQUEST FOR PRODUCTION NO. 22**  All documents or communications concerning hedging transactions for physical silver.

**REQUEST FOR PRODUCTION NO. 23:** Documents sufficient to show Plaintiffs' compliance policies in effect during the period December 1, 2010 through March 31, 2011.

**REQUEST FOR PRODUCTION NO. 24:** Documents sufficient to show Plaintiffs' document retention and destruction policies, procedures, and practices with respect to ESI and hardcopy files created during December 1, 2010 through March 31, 2011.

**REQUEST FOR PRODUCTION NO. 25:** All documents concerning any departure or variance from Plaintiffs' policies, procedures, or practices concerning the retention or destruction of ESI or hardcopy files identified in Plaintiffs' response to Request No. 24 that would otherwise be called for by these Requests.

**REQUEST FOR PRODUCTION NO. 26:** All documents and communications concerning COMEX margin requirements, Plaintiffs' need to reduce their Silver Derivative

positions, or Plaintiffs' need to unwind, liquidate, or otherwise exit their Silver Derivatives positions.

**REQUEST FOR PRODUCTION NO. 27:** Documents sufficient to show Plaintiffs' margins for their positions in physical silver, each Silver Derivative, and all Silver Derivatives, and for each day, week, and month, including all margins held by COMEX.

**REQUEST FOR PRODUCTION NO. 28:** Documents sufficient to show Plaintiffs' assets for each day, week, and month, including but not limited to documents sufficient to show Plaintiffs' liquid assets for each day, week, and month.

**REQUEST FOR PRODUCTION NO. 29**: All documents and communications concerning Plaintiffs' unwinding, liquidation, or other exit from their Silver Derivatives positions, including but not limited to concerning Plaintiffs' access to capital.

**REQUEST FOR PRODUCTION NO. 30:** All documents and communications concerning Plaintiffs' financial decisions and/or trading strategies, including but not limited to decisions to shift or direct resources to other financial markets, including investing in other precious metals, commodities, or derivatives markets.

**REQUEST FOR PRODUCTION NO. 31:** All documents and communications concerning the alleged communications between Martin Greenberg and Blythe Masters referenced in ¶ 8 and ¶ 117 of the *Shak* Complaint.

**REQUEST FOR PRODUCTION NO. 32:** All documents and communications between any of Plaintiffs, or their agents and employees, and Michael Hillebrenner or Michael Cazakoff concerning COMEX settlement prices or the COMEX settlement process.

**REQUEST FOR PRODUCTION NO. 33:**  All documents and communications concerning Plaintiffs' alleged losses and lost profits referenced throughout the Complaints, including but not limited to those referenced in ¶ 12 of the Complaints.

**REQUEST FOR PRODUCTION NO. 34:**  All documents and communications concerning spread bids and asks actively represented, or trades consummated, for the December 12 – December 14 silver calendar spread contract on the dates referenced in ¶¶ 89 – 103 of the *Shak* Complaint.

**REQUEST FOR PRODUCTION NO. 35:**  All documents and communications concerning the alleged communications between Plaintiff Grumet and his broker Kevin Kline referenced in ¶ 139 of the *Shak* Complaint.

**REQUEST FOR PRODUCTION NO. 36:**  All documents, communications, and data concerning the analyses performed by Plaintiffs' "consulting expert" referenced in ¶¶ 158 – 245 of the *Shak* Complaint, including but not limited to native versions of all programs and charts represented or referenced in the *Shak* Complaint and all data used to create every chart and graph contained in the Complaints.

**REQUEST FOR PRODUCTION NO. 37:**  Documents sufficient to show all gains and losses from trading activities reported on Plaintiffs' state and federal tax returns for the years 2010 and 2011.

**REQUEST FOR PRODUCTION NO. 38:**  All documents concerning the alleged amount of loss or damage suffered by Plaintiffs, by reason of any matter or allegation set forth in the Complaints, or concerning the method of calculation of the alleged loss or damage, including but not limited to any documents concerning Plaintiffs' calculation of alleged damages.

**REQUEST FOR PRODUCTION NO. 39:** All documents evidencing insurance policies, indemnity agreements, or other contracts that cover, or may potentially cover, any claims asserted by Plaintiffs in the Actions.

**REQUEST FOR PRODUCTION NO. 40:** To the extent not produced in response to prior requests, all documents forming the basis of or otherwise concerning allegations made in the Complaints.

**REQUEST FOR PRODUCTION NO. 41:** To the extent not produced in response to prior requests, all documents or communications concerning every legal argument that Plaintiffs have asserted or plan to assert in these Actions.

Dated: April 28, 2017

/s/ Amanda F. Davidoff
Daryl A. Libow
Amanda F. Davidoff
SULLIVAN & CROMWELL LLP
1700 New York Ave., N.W.
  Suite 700
Washington, D.C.  20006-5215
Tel:  202-956-7500
Fax:  202-293-6330
libowd@sullcrom.com
davidoffa@sullcrom.com

Akash M. Toprani
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498
Tel:  212-558-4000
Fax:  212-558-3588
toprania@sullcrom.com

*Counsel for Defendants JP Morgan Chase & Co., J.P. Morgan Clearing Corp., J.P. Morgan Securities LLC, and J.P. Morgan Futures, Inc. (now known as J.P. Morgan Securities LLC)*